# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| PAMELA A. VEGAS | § | PLAINTIFF |
| | § | |
| v. | § | Civil No. 1:18cv260-HSO-JCG |
| | § | |
| CMH HOMES, INC., a Tennessee | § | |
| Corporation d/b/a Clayton Homes | § | |
| Gulfport, *et al.* | § | DEFENDANTS |

## ORDER GRANTING IN PART AS UNOPPOSED AND DENYING IN PART WITHOUT PREJUDICE DEFENDANTS' [7] MOTION TO COMPEL MEDIATION/ARBITRATION AND FOR STAY, AND STAYING AND ADMINISTRATIVELY CLOSING CASE FOR STATISTICAL PURPOSES PENDING COMPLETION OF MEDIATION

BEFORE THE COURT is the Motion [7] to Compel Mediation/Arbitration and for Stay filed by Defendant CMH Homes, Inc., a Tennessee corporation d/b/a Clayton Homes Gulfport ("CMH Homes"), in which Defendant Precision Movers, Inc., a Mississippi corporation ("Precision Movers"), has joined [9], [12]. Plaintiff Pamela A. Vegas ("Plaintiff" or "Ms. Vegas") has filed a Response [10] to the Motion [7], and CMH Homes has filed a Rebuttal [13] in which Precision Movers has joined [14]. Having considered the Motion [7], the related pleadings, the record, and relevant legal authority, the Court is of the opinion that Defendants' Motion [7] should be granted in part and denied in part without prejudice as premature.

To the extent Defendants seek to compel mediation and stay this case pending completion of said mediation, their request will be granted as unopposed. Defendants' request to compel binding arbitration is premature at this time and will

1

be denied without prejudice. The Court will stay this case and administratively close it for statistical purposes. Within 30 days of the conclusion of the mediation, the parties are directed to provide the Court with a status update, and at that time any party may move to reopen the case and place it back on the active docket, if necessary.

## I. BACKGROUND

A. Factual background

On June 11, 2013, Plaintiff and her former husband, Blain Vegas ("Mr. Vegas"), entered into a contract with CMH to purchase a manufactured home. *See* Compl. [1-2] at 9; *see also* Sales Agreement [1-2] at 19. According to the Complaint, after Plaintiff selected the site for the manufactured home, CMH and Precision Movers "both checked said site to determine if same was suitable for the location and set up of the subject manufacture [sic] home purchased by Vegas" and "required Vegas to undertake some initial site preparations . . . ." Compl. [1-2] at 10. After Ms. Vegas did so, she claims that CMH and Precision Movers inspected the site and informed her that it was suitable for placement of the manufactured home. *Id.* According to Plaintiff, Precision Movers placed a dirt pad on the site, delivered the manufactured home, and put in the foundation pads on which the home sits. *Id.*

In connection with the purchase of their manufactured home, Mr. and Ms. Vegas executed certain agreements with CMH, including a Retailer Closing Agreement, a Sales Agreement, and a Binding Dispute Resolution Agreement

("BDRA"). *See id.*; *see also* Retailer Closing Agreement [7-2] at 1-4; Sales Agreement [7-3] at 1-2; BDRA [7-4] at 1-4. The BDRA reads in relevant part as follows:

> [t]he Parties (defined below) agree to resolve all disputes pursuant to the terms of this Binding Dispute Resolution Agreement (the "Agreement"). The parties are defined as the buyer (whether one or more) who signs below (referred to hereinafter as "Buyer") and CMH Homes, Inc., its subsidiary(s) (e.g., CMH of KY, Inc.), and their/its agents, assignees, successors in interest, and employees (collectively referred to as "Seller"). Buyer and Seller agree that this Agreement also applies to and governs the rights of intended beneficiaries of this Agreement, who include the following additional Parties: . . . contractors, including, without limitation, contractors involved in delivery and set-up of Buyer's Home . . . .
> A. <u>Scope of Agreement</u>: This Agreement applies to all pre-existing, present, or future disputes, claims, or controversies, grievances, and causes of action against Seller, including, but not limited to, common law claims, contract and warranty claims, tort claims, statutory claims, administrative law claims, and any other matter in question, not otherwise excepted here, arising out of or relating to (i) the modular or manufactured home(s) purchased, sold, owned, occupied and/or delivered in any transaction with Buyer or Beneficiaries (the "Home") . . . .
> B. <u>Exclusion for Consumer Credit Transactions Secured by a Dwelling</u>: Notwithstanding anything herein to the contrary, nothing in this Agreement shall be construed to require mandatory mediation or binding arbitration of any disputes arising out of any contract or any other agreement for a consumer credit transaction secured by a dwelling. Disputes arising out of any contract or any other agreement for a consumer credit transaction secured by a dwelling are specifically excluded from the definition of "Claim" or "Claims."
> C. <u>Agreement to Mediate</u>: All Claims that cannot be settled through direct discussions and negotiation shall be submitted first to mediation with a mutually agreeable mediator ("Mediation"). If the parties cannot agree on a mediator within a reasonable time, then the Mediation shall be administered by the American Arbitration Association ("AAA") under its Home Construction Arbitration Rules and Mediation Procedures in effect at the time Mediation is requested (the "Rules") . . . . In the event the Parties are not successful in resolving their dispute in mediation, then the Parties agree to submit their Claims to binding arbitration. Mediation of Claims is a mandatory condition

3

> precedent to arbitration or a court proceeding. An agreement to resolve the Claims in mediation shall be enforceable in any court having jurisdiction thereof.
>    D. <u>Agreement to Arbitrate</u>: The parties agree to mandatory, binding arbitration ("Arbitration") of all Claims that are not resolved in Mediation . . . .

BDRA [7-4] at 1.

Plaintiff claims that in 2015, she began to notice problems with the manufactured home, including that the footing pads placed by CMH and Precision Movers began to deteriorate. This caused the home to sink and the roof to leak, and cracks in the sheetrock inside the home became noticeable. Compl. [1-1] at 10-11. Plaintiff alleges that she retained an engineer and a surveyor who concluded that these issues were caused by differential foundation movement due to inadequate foot support or underlying soil strength, *id.* at 11, and that the cost to cure and/or repair the defects in the home would be about $68,137.65, *id.* at 12.

B. <u>Procedural history</u>

Plaintiff filed a Complaint [1-2] in the Circuit Court of Pearl River County, Mississippi, on June 14, 2018, naming CMH and Precision Movers as Defendants and advancing claims for breach of contract, breach of express warranties, breach of implied warranties, and negligence, and claims under the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*. Compl. [1-1] at 7-8, 12 -16. CMH removed the case to this Court, invoking federal question jurisdiction, *see* Notice of Removal [1] at 1-3, and Precision Movers joined [4] in the removal.

CMH has now filed a Motion [7] to Compel Mediation/Arbitration and for Stay, in which Precision Movers, Inc., has joined [9], [12]. Defendants contend that

all of Plaintiff's claims fall within the broad scope of the BDRA and should be submitted to non-binding mediation, and that, should the mediation be unsuccessful, they should then be submitted to binding arbitration. *See* CMH's Mot. [7] at 3; CMH's Mem. [8] at 5-9. CMH requests a stay of this action pending conclusion of the mediation and/or arbitration proceedings. CMH's Mot. [7] at 3; CMH's Mem. [8] at 9-10.

Plaintiff responds that the mandatory mediation and/or arbitration provisions are void as a matter of law. Pl.'s Mem. [10] at 2 (citing 15 U.S.C. § 1639c(e)). Additionally, Plaintiff argues that this dispute is excluded by the terms of the BDRA, because the BDRA excludes any dispute arising out of an agreement for a consumer credit transaction secured by a dwelling. *Id.* (citing BDRA [7-4] at 1). However, Plaintiff states that, "[w]ithout waving [sic] any of her defenses and/or arguments, [she] would be willing to submit the resolution of her claims pursuant to non-binding mediation through mutually agreeable mediator selected by the Parties." *Id.* at 9-10.

## II. DISCUSSION

A. <u>Defendants' request for mediation</u>

Defendants first ask the Court to require Plaintiff to submit her claims to non-binding mediation. *See* CMH's Mot. [7] at 3. In response, Plaintiff states that she is "willing to submit the resolution of her claims pursuant to non-binding mediation through mutually agreeable mediator selected by the Parties." Pl.'s Mem. [10] at 9-10. This portion of Defendants' Motion should be granted as

5

unopposed, and this matter will be stayed pending the parties engaging in non-binding mediation.

B.  Defendants' request to compel arbitration

Defendants also ask the Court to require Plaintiff to submit her claims to binding arbitration in accordance with the BDRA should mediation prove unsuccessful. *See* CMH's Mot. [7] at 3. At this time, it is impossible to know whether mediation will be successful. A ruling at this juncture on whether the terms of the BDRA require that Plaintiff be compelled to arbitrate is therefore premature and would arguably constitute an advisory opinion, as Defendants' request to compel arbitration may become moot if mediation resolves the parties' claims. The Court will therefore deny this portion of Defendants' Motion [7] without prejudice as premature. If necessary, Defendants may reurge this request at a later time.

### III.  CONCLUSION

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter the result. Defendants' Motion [7] to Compel Mediation/Arbitration and for Stay will be granted in part as unopposed, to the extent it seeks to compel non-binding mediation and stay the case during mediation, and will be denied in part without prejudice as premature, to the extent it seeks to compel binding arbitration.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [7] to Compel Mediation/Arbitration and for Stay filed by Defendant CMH Homes, Inc.,

a Tennessee corporation d/b/a Clayton Homes Gulfport, in which Defendant Precision Movers, Inc., a Mississippi corporation, has joined [9], [12], is **GRANTED IN PART AS UNOPPOSED**, to the extent Defendants seek to compel non-binding mediation and stay this case pending completion of said mediation, **and DENIED IN PART WITHOUT PREJUDICE AS PREMATURE**, to the extent Defendants ask the Court to compel binding arbitration.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, this case is **STAYED and ADMINISTRATIVELY CLOSED** for statistical purposes pending the outcome of mediation.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, within 30 days of the conclusion of the mediation, the parties are directed to provide the Court with a status update, and at that time, any party may move to reopen the case and reinstate it on the active docket, if necessary.

**SO ORDERED AND ADJUDGED**, this the 15th day of January, 2019.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE