IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| PAMELA A. VEGAS | § | PLAINTIFF |
| | § | |
| | § | |
| v. | § | Civil No. 1:18cv260-HSO-RHWR |
| | § | |
| | § | |
| CMH HOMES, INC., a Tennessee | § | |
| Corporation d/b/a Clayton Homes | § | |
| Gulfport, *et al.* | § | DEFENDANTS |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT CMH HOMES, INC.'S MOTION [25] TO DISMISS; GRANTING
IN PART AND DENYING IN PART DEFENDANT PRECISION MOVERS,
INC.'S MOTION [27] TO DISMISS; AND DISMISSING PLAINTIFF'S
CLAIMS WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE**

BEFORE THE COURT are Defendant CMH Homes, Inc.'s Motion [25] to Dismiss and Defendant Precision Movers, Inc.'s Motion [27] to Dismiss. Both Motions [25], [27] are fully briefed. For the reasons that follow, the Court will grant both Defendants' Motions [25], [27] in part, to the extent they ask the Court to dismiss Plaintiff's claims for failure to prosecute, and deny the Motions [25], [27] in part, to the extent they seek dismissal with prejudice. Plaintiff's claims against Defendants will be dismissed without prejudice for failure to prosecute.

I. BACKGROUND

The claims in this case arise from Plaintiff Pamela A. Vegas' ("Plaintiff" or "Ms. Vegas") purchase of a manufactured home from Defendant CMH Homes, Inc., a Tennessee corporation d/b/a Clayton Homes Gulfport ("CMH"), and the setup of the home by Defendant Precision Movers, Inc., a Mississippi corporation

("Precision").  *See* Compl. [1-2] at 9-10.  In connection with the purchase of the manufactured home, Plaintiff executed certain agreements with CMH, including a Binding Dispute Resolution Agreement ("BDRA").  *See* BDRA [17-4] at 1-4.

On June 14, 2018, Plaintiff filed suit against CMH and Precision in the Circuit Court of Pearl River County, Mississippi, advancing claims for breach of contract, breach of express warranties, breach of implied warranties, and negligence, as well as claims under the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, et seq.  *See* Compl. [1-1] at 7-8, 12-16.  CMH removed the case to this Court, *see* Notice [1], and then filed a Motion [8] to Compel Mediation/Arbitration and for Stay, in which Precision joined [9], [12].  The Court granted the Motion [8] as unopposed to the extent Defendants sought to compel non-binding mediation, and stayed the case pending completion of the mediation, but it denied the Motion [8] in part as premature to the extent Defendants asked the Court to compel binding arbitration.  *See* Order [15] at 6-7.

After the mediation was unsuccessful, CMH filed a Motion [17] to Compel Arbitration and for Stay, *see* Mot. [17],[1] which Plaintiff opposed, *see* Resp. [28].  On November 10, 2020, the Court granted CMH's Motion [17], ordered Plaintiff to submit her claims against CMH to arbitration, and ordered that the case remain stayed and administratively closed pending the outcome of arbitration.  *See* Order [24] at 12.

CMH and Precision have now filed Motions [25], [27] to Dismiss for Plaintiff's

---

[1] Precision did not join in, nor did it file, its own motion to compel arbitration.

failure to prosecute.   There appears to be no dispute that, to date, Plaintiff has not filed any demand for arbitration, or otherwise commenced the arbitration against CMH.   *See e.g.,* Mem. [26] at 3 ("The Plaintiff has taken no action toward filing a demand before the American Arbitration Association as ordered by this Court."); Resp. [28] at 4, 7, 10 (claiming that a motion to compel arbitration by a defendant in a pending "factually interdependent" state court case "has contributed to the delay of seeking arbitration in this cause," and that Plaintiff is awaiting the state court's decision because she "and CMH both have a significant interest in determining whether [the state-court defendant] will be involved in the arbitration proceedings").   Since briefing was completed on February 17, 2022, no party has informed the Court of any change in these circumstances.

## II.   DISCUSSION

A.   Relevant legal authority

Federal Rule of Civil Procedure 41(b) provides that

> [i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 --operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).   According to the United States Court of Appeals for the Fifth Circuit, "[d]ismissal with prejudice is appropriate only when there is a showing of (a) a clear record of delay or contumacious conduct by the plaintiff, and (b) where lesser sanctions would not serve the best interests of justice." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (quotation omitted).   A clear

3

record of delay or contumacious conduct is found in most cases if one of three aggravating factors also exist: "(1) delay caused by the plaintiff; (2) actual prejudice to the defendant; or (3) delay as a result of intentional conduct."  *Id.* (quotation omitted).

B.   Analysis

Plaintiff was ordered to submit her claims against CMH to arbitration almost two years ago, on November 10, 2020.  *See* Order [24] at 12.  Over 20 months later, even after both Defendants filed the present Motions to Dismiss for her failure to prosecute, Plaintiff still has not complied with the Court's Order [24] and has not filed an arbitration demand against CMH.  Nor has she otherwise sought to lift the stay in this case and litigate her claims against Precision, which have remained in abeyance over the inordinate amount of time this case has been stayed. Both Defendants now seek dismissal based upon Plaintiff's lengthy record of inaction.  *See* Mot. [25]; Mot. [27].

The Court acknowledges that the Order [24] compelling arbitration did not contain a specific date by which Plaintiff had to demand arbitration, but even if Plaintiff did not violate the letter of the Order [24], she has certainly violated its spirit.  *See* Order [24].  While Plaintiff references a separate entity's motion to compel arbitration in a state court action based upon the BDRA with CMH, she has identified no requirement that her claims in state court against that entity be arbitrated with her ones in this Court against CMH, nor has she offered any reason why her claims against CMH cannot move forward.  *See* Resp. [28].  Nor do the

4

parties appear to have any way of knowing if or when the state court's ruling on the motion to compel arbitration may be forthcoming. *See* Resp. [28] at 4 (stating that Plaintiff and the state court defendant "awaiting a ruling from the County Court Judge in the parallel proceedings since May 4, 2021"); Reply [30] at 2 ("It appears that the county court is not going to rule, at least until the Court enters judgment on the parties' claims and defenses in this case.").

Despite the parties' inability to anticipate when the state court will rule, Plaintiff has not made any attempt to arbitrate her claims against CMH in this case, even in the face of the current Motions [25], [27] to Dismiss. Plaintiff's lengthy delay has left this case at a standstill for more than 20 months, in a case where it is her burden to prosecute. *See, e.g., Blanks v. Byd*, No. 5:12-CV-112-DCB-RHW, 2012 WL 4770725, at *2 (S.D. Miss. Oct. 5, 2012) ("It is the Plaintiff's responsibility to prosecute this case."); *Miles v. Wal-Mart Stores*, No. CIV.A. SA05CA1068FB, 2006 WL 1149169, at *2 (W.D. Tex. Apr. 26, 2006) ("[I]t is plaintiff's burden to prosecute her claims against [a defendant].") (citing Fed. R. Civ. P. 41(b)).

This case has been pending for more than four years, *see* Compl. [1-1], and Plaintiff's intentional inaction has infringed upon Defendants' right to a speedy resolution of the claims against them that are and have been ripe for resolution. Plaintiff's delay also arguably undercuts one of the purposes served by the applicable statutes of limitation, particularly the "elimination of stale claims." *Delek Ref., Ltd. v. Occupational Safety & Health Rev. Comm'n*, 845 F.3d 170, 177

(5th Cir. 2016) (quotation omitted); *see also, e.g.,* 51 Am. Jur. 2d Limitation of Actions § 4 (stating that "statutes of limitation emphasize the plaintiffs' duty to diligently prosecute known claims").   The record clearly reveals that Plaintiff has not exercised any diligence in prosecuting her claims against either CMH or Precision.

Based upon Plaintiff's failure for over 20 months to comply with the Court's Order [24] to submit her claims against CMH to arbitration, the Court finds that her claims in this civil action should be dismissed for failure to prosecute.   *See* Fed. R. Civ. P. 41(b).   While the Court finds that Defendants have suffered actual prejudice and that the delay has been a result of Plaintiff's conduct, the Court is of the view that a lesser sanction of dismissal without prejudice would best serve the interests of justice here.   *See Griggs*, 905 F.3d at 844.   Moreover, this ruling is not intended to, and does not, speak to or resolve the viability of her claims related to any future demand for arbitration that Plaintiff may make.[2]

### III.   CONCLUSION

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant

---

[2] While Defendants invite the Court to consider the applicable statutes of limitations as to Vegas' counterclaim in state court in arguing that her reasons for delay in light of that action are "disingenuous," Reply [30] at 2, the Court does not reach any statute of limitations argument whether related to this or the state court action.   The Court notes that the BDRA states that "[a]ll statutes of limitation that would otherwise apply to Claims in a judicial action shall apply to the Arbitration of Claims under this Agreement.   The Arbitrator shall apply all applicable substantive law and shall . . . consider defenses that a court could consider." *See* BDRA [17-4] at 2.

6

CMH Homes, Inc.'s Motion [25] to Dismiss and Defendant Precision Movers, Inc.'s Motion [27] to Dismiss are **GRANTED IN PART**, to the extent Defendants seek dismissal of this civil action for failure to prosecute, **and DENIED IN PART**, to the extent Defendants ask the Court to dismiss Plaintiff's claims with prejudice.  This ruling is not intended to and does not speak to or resolve the viability of Plaintiff's claims related to any demand for arbitration that Plaintiff may make against either Defendant in this case.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Pamela A. Vegas' claims in this case against Defendant CMH Homes, Inc., and Defendant Precision Movers, Inc., are **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.  The Court will enter a separate Final Judgment pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 29th day of July, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE